IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MIGUEL ANTONIO REYES, )
)
    Petitioner, )
)
v. )   Civil Action No. 3:20CV388–HEH
)
COMMONWEALTH OF VIRGINIA, )
)
    Respondent. )

## MEMORANDUM OPINION
(Granting in Part and Denying in Part Motion to Dismiss)

Miguel Antonio Reyes, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his conviction in the Circuit Court of the County of Fairfax, Virginia ("Circuit Court"). Reyes argues entitlement to relief based upon the following:[1]

    Claim One:   "The trial court erred in denying the request of Petitioner Reyes's newly retained counsel . . . to continue the sentencing hearing." (*Id.* at 11.)

    Claim Two:   "Ineffective assistance of counsel." (*Id.* at 13.)

Respondent moves to dismiss arguing that Claim One lacks merit, and that Claim Two is procedurally defaulted and barred from review here. Reyes has filed a response. (ECF No. 16.) For the reasons set forth below, the Motion to Dismiss will be granted in part and denied in part.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system when citing to citations to the parties' submissions. The Court corrects the spelling and punctuation in quotations from Reyes's submissions.

## I. PROCEDURAL HISTORY

On February 23, 2016, Reyes entered an *Alford*[2] guilty plea to one count of robbery. (ECF No. 14–1 at 1.) On July 15, 2016, the Circuit Court sentenced Reyes to a total sentence of 45 years with all but 18 years of the sentence suspended. (ECF No. 14–2 at 1–2.) Reyes appealed and raised Claim One of the § 2254 Petition. On October 9, 2018, the Court of Appeals of Virginia affirmed the decision of the Circuit Court. *Reyes v. Commonwealth*, 808 S.E.2d 838 (Va. Ct. App. 2018). On February 21, 2019, the Supreme Court of Virginia affirmed the decision of the Court of Appeals of Virginia. *Reyes v. Commonwealth*, 823 S.E.2d 243 (Va. 2019). Reyes did not pursue a petition for writ of habeas corpus in state court.[3] On June 2, 2020, the Court received the present § 2254 Petition.

## II. APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

To obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty of 1996 ("AEDPA") further circumscribes this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*,

---

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[3] Although Reyes seemingly suggests in his § 2254 Petition that he filed a state habeas petition he did not. In his Response, Reyes essentially admits that he only pursued his federal § 2254 Petition and did not seek collateral review in the state courts. (ECF No. 16 at 5–6.) Reyes attempts to blame the Lawrenceville Correctional Center for providing him with a form for filing a federal § 2254 Petition as opposed to a state habeas petition as the reason he did not seek collateral review in the state courts. (*Id.* at 2–6, 21.)

2

529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court of the United States has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### III. CLAIM ONE- TRIAL COURT ERROR

In Claim One, Reyes argues that "the trial court erred in denying the request of Petitioner Reyes's newly retained counsel . . . to continue the sentencing hearing." (ECF No. 1 at 11.) Reyes sought a continuance under Section 19.2–159.1 of the Virginia Code,[4] and the Court denied the motion. *See Reyes v. Commonwealth*, 823 S.E.2d 243, 246 (Va. 2019). The trial court's perceived error provides no basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citations omitted) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010). Because

---

[4] As explained in greater detail below, this code section covers circumstances where an indigent defendant later retains new counsel.

3

Claim One challenges the Circuit Court's ruling on whether to grant a continuance under Virginia law, this claim states no basis for federal habeas relief. For this reason alone, Claim One may be dismissed.

Moreover, Reyes raised Claim One in both the Court of Appeals of Virginia and in the Supreme Court of Virginia, and this Court discerns no unreasonable determination of law or fact in the Supreme Court of Virginia's rejection of this claim. In addressing this claim and finding it lacked merit, the Supreme Court of Virginia aptly explained as follows:

> Miguel Antonio Reyes pled guilty to a single charge of robbery, in violation of Code § 18.2–58. After a hearing, the circuit court accepted the plea and found Reyes guilty. It ordered a presentence report and set the case for sentencing in May 2016.
>
> At the May sentencing hearing, Roger G. Nord, Reyes' court-appointed counsel, moved for a continuance so that Reyes could be evaluated for eligibility for the youthful offender program established by Code §§ 19.2–311 through –316. The Commonwealth objected because the victim was present at the hearing to provide victim impact testimony. The court granted a continuance to July 15.
>
> On July 14, Reyes filed a notice and motion through Charles J. Swedish to substitute Swedish as counsel. Reyes asserted that his financial condition had changed because his family had agreed to retain Swedish, so he was no longer indigent. He also sought a continuance pursuant to Code § 19.2–159.1.[5] He repeated these assertions in a separate notice and motion for continuance filed through Swedish the same day.
>
> At the July 15 hearing, the Commonwealth objected to the continuance, noting that the victim was present again in a second attempt to provide impact testimony. The court then asked Swedish why he needed a

---

[5] Subsection (B) of the statute provides in relevant part that

[i]n the event the defendant undergoes a change of circumstances so that he is no longer indigent, the defendant shall thereupon obtain private counsel and shall forthwith advise the court of the change of circumstances. The court shall grant reasonable continuance to allow counsel to be obtained and to prepare for trial. When private counsel has been retained, appointed counsel shall forthwith be relieved of further responsibility and compensated for his services, pro rata, pursuant to § 19.2-163.

4

continuance. Swedish explained that Reyes' family had approached him to take over the case. The discussion then unfolded as follows:

> MR. SWEDISH: .... At this late date I wouldn't be doing Mr. Reyes any justice at all if I were to step in merely to do the sentencing today. So I'm making a motion to continue based upon [Code § 19.2–159.1].
> It basically is a change of financial circumstances. He had court-appointed counsel before. I believe the Code section says the [c]ourt shall grant a reasonable continuance. That's what I'm asking for.
> [Reyes] entered an Alford plea. It has also been discussed he might want to withdraw that plea—
>
> THE COURT: That's so unlikely as to make it insufficient cause to continue the matter.
>
> MR. SWEDISH: I'm just telling Your Honor why I didn't just start filing things left and right. It wouldn't be appropriate and I'm not prepared for anything and I'm making the motion for the continuance. If that is granted I would ask that my appearance be entered. If not I suppose then the sentencing goes forward today. But I'm basing it on the Code section that says when there is a change of financial circumstances for somebody who is represented by court-appointed counsel[,] the [c]ourt shall grant a reasonable continuance. Thank you.
>
> THE COURT: This is to prepare for trial. That's what 19.2-159.1 means. Right, Mr. Swedish? It says trial.
>
> MR. SWEDISH: It says trial and, you know, sometimes they use that word "trial" to mean the day you enter a guilty plea.
>
> THE COURT: I don't think so. I think the legislators know what trial means.
>
> MR. SWEDISH: And like I said, there is a possibility he might seek to withdraw his plea.
>
> THE COURT: But if that's the reason[,] I'm concerned about granting a continuance in this. It's just going to delay matters. Because it's one thing to delay for the [c]ourt to address something. I just don't find any reasonable cause at this time[,]

5

having gone through what we've gone through[,] for the withdrawal of a plea.

MR. SWEDISH: And all that I might add is that my client isn't going anywhere. He has been incarcerated for quite some time.

THE COURT: It's a burden on the victims. I gave a first continuance and this is going to be a second continuance.

MR. SWEDISH: I understand, Your Honor. That's why I didn't try to force the issue but I brought it to the attention of the [c]ourt.

. . . .

THE COURT: How much time do you need?

MR. SWEDISH: I would suggest your next sentencing date in August.

THE COURT: When did the family come to believe that they needed to bring in a lawyer?

MR. SWEDISH: They spoke to me about three weeks ago and they did not [pay] until quite recently. And then I filed immediately what I just filed, which was yesterday.

THE COURT: Why don't I just allow you to file a motion to reconsider before he is [transferred to] the Department of Corrections?

MR. SWEDISH: That would be fine. The burden is [a] little bit higher after sentencing.

THE COURT: I don't think so. I'm pretty sure the burden is the same because we (inaudible) on sentencing.

MR. SWEDISH: I understand that and I appreciate Your Honor leaving that option open. I understand [this is] last minute and that's why I alerted the [c]ourt and the Commonwealth immediately upon doing this instead of just coming in this morning trying to do this. It's tough and that's why I didn't want to just start filing things left and right. It would just not be appropriate and I'm not prepared.

6

> If that's the case and we go forward today then Mr. Nord will be doing the sentencing and whatever happens, happens subsequent to today.
>
> . . . .
>
> THE COURT: Given the Commonwealth's objection[,] the motion to continue is denied. I will certainly allow Mr. Swedish to represent the defendant along with Mr. Nord if he wishes to.
>
> MR. SWEDISH: Well, I have to be in another jurisdiction today later on. But I'm leaving it up to Mr. Nord. He is quite prepared for the sentencing.
>
> THE COURT: Thank you. So Mr. Nord is here. You can enter your appearance in the case. I would never prevent that from occurring but the motion for continuance is denied. If you want to enter your appearance in this case because I'm not doing a substitution at this time.
>
> MR. SWEDISH: I'm withdrawing that for the moment.
>
> THE COURT: Thank you, Mr. Swedish.

The hearing thereafter proceeded with Nord representing Reyes. The circuit court later entered a final order sentencing Reyes to a term of 45 years' incarceration with all but 18 years suspended.
    Reyes appealed to the Court of Appeals asserting that the circuit court erred by denying his request for a continuance under Code § 19.2–159.1[6] The Court of Appeals ruled that he was required to demonstrate exceptional circumstances to obtain a last-minute continuance but that he had failed to do so. Accordingly, it concluded that the circuit court did not abuse its discretion by denying his motion and affirmed the judgment. *Reyes v. Commonwealth*, 68 Va. App. 379, 387-89, 808 S.E.2d 838 (2018).
    We awarded Reyes this appeal.

---

[6] Reyes also asserted that the circuit court violated his Sixth Amendment right to counsel. The Court of Appeals noted that he had not made that argument to the circuit court. It ruled that the issue had not been preserved for appeal under Rule 5A:18 and declined to consider it. *Reyes v. Commonwealth*, 68 Va. App. 379, 390, 808 S.E.2d 838 (2018). We refused Reyes' assignment of error challenging that ruling.

## II. ANALYSIS

It is well-settled that a ruling on a motion for continuance will be reversed "only upon a showing of abuse of discretion and resulting prejudice to the movant." *Ortiz v. Commonwealth*, 276 Va. 705, 723, 667 S.E.2d 751 (2008) (internal quotation marks omitted).

"The abuse of discretion standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Lawlor v. Commonwealth*, 285 Va. 187, 213, 738 S.E.2d 847 (2013) (quoting *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008)) (internal alterations and quotation marks omitted). While there are three familiar, principal ways in which a court may abuse its discretion,[7] it "also abuses its discretion if it inaccurately ascertains the outermost limits of the range of choice available to it." *Lambert v. Sea Oats Condo. Ass'n, Inc.*, 293 Va. 245, 253, 798 S.E.2d 177 (2017) (internal alteration and quotation marks omitted). A statute may circumscribe a court's range of choice. *Id.* Thus, to determine whether the circuit court abused its discretion by denying Reyes' motion, we must first ascertain the meaning and effect of Code § 19.2–159.1.

Subsection (B) of the statute provides that

> [a] statement and oath of [an indigent] defendant shall be filed with the papers in the case, and shall follow and be in effect at all stages of the proceedings against him without further oath. In the event the defendant undergoes a change of circumstances so that he is no longer indigent, the defendant shall thereupon obtain private counsel and shall forthwith advise the court of the change of circumstances. The court shall grant reasonable continuance to allow counsel to be obtained and to prepare for trial. When private counsel has been retained, appointed counsel shall forthwith be relieved of further responsibility and compensated for his services, pro rata, pursuant to [Code] § 19.2–163.

The General Assembly's intention in enacting this provision is clear and unambiguous. It intended to minimize taxpayers' responsibility for paying the costs of court-appointed counsel for criminal defendants who can afford

---

[7] The three ways occur "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Lawlor*, 285 Va. at 213, 738 S.E.2d 847 (quoting *Landrum v. Chippenham & Johnston–Willis Hosps., Inc.*, 282 Va. 346, 352, 717 S.E.2d 134 (2011)) (internal quotation marks omitted).

8

to pay for counsel themselves. To this end, the statute requires that a defendant who was indigent when a criminal proceeding began but who ceases to be indigent while it is ongoing must notify the trial court "forthwith." The statute then requires the court to "grant reasonable continuance to allow counsel to be obtained and to prepare for trial." Once private counsel has been obtained, the court must discharge the attorney initially appointed at public expense. Thus, when a once-indigent criminal defendant experiences a genuine change of financial circumstances and ceases to be indigent, the General Assembly has left trial courts with almost no range of choice at all. The only decision the legislature has left to a court's discretion is what continuance, if any, is reasonable.

However, the court's obligation to grant reasonable continuance does not confer a new, statutory right for a criminal defendant. He or she is not the intended beneficiary of the statute; the taxpayers are, a point Reyes acknowledged in oral argument before us. Accordingly, its continuance provision serves only to protect the defendant's existing rights,[8] and that purpose of the statute it merely incidental to the primary, fiscal one.

Because Code § 19.2–159.1 requires a defendant who ceases to be indigent to obtain private counsel at his or her own expense whenever the indigence ends, the General Assembly provided for a continuance to allow the defendant time to choose a new attorney and time for that new attorney to prepare to provide effective assistance. But a court's deviation from the legislature's prescribed course of conduct does not violate any independent right for which the defendant is entitled to an independent remedy. A violation of the defendant's rights occurs only if the underlying Sixth Amendment protections are infringed.

In this case, Reyes did not assert below that a new ability to retain private counsel entitled him to substitute counsel of his choice under the Sixth Amendment. He asserted only that Code § 19.2–159.1 required him to obtain private counsel, which he had done, and that he was therefore entitled under the statute to a continuance. He argues that because the statute uses

---

[8] The Sixth Amendment guarantees defendants facing the possibility of incarceration the right to counsel "at all critical stages of the criminal process." *Marshall v. Rodgers*, 569 U.S. 58, 63, 133 S. Ct. 1446, 185 L.Ed.2d 540 (2013). The right to counsel includes "the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S. Ct. 2557, 165 L.Ed.2d 409 (2006). The right to counsel also means "the right to the effective assistance of counsel," *Buck v. Davis*, —— U.S. ——, 137 S. Ct. 759, 775, 197 L.Ed.2d 1 (2017), and preparation will often be a prerequisite to effective assistance. *See Chambers v. Maroney*, 399 U.S. 42, 53-54, 90 S. Ct. 1975, 26 L.Ed.2d 419 (1970). The General Assembly wrote the statute intending to avoid violating these rights, and we have an obligation to construe it that way. *L.F. v. Breit*, 285 Va. 163, 180, 736 S.E.2d 711 (2013).

9

>the word "shall," the circuit court was required grant him one and that its failure to do so is reversible error. We disagree.
>
>As we recently explained in *Rickman v. Commonwealth*, 294 Va. 531, 537, 808 S.E.2d 395 (2017), "shall" always connotes a legislative command. However, the legislature does not always specify the consequences of disobedience. *Id.* at 538, 808 S.E.2d 395. Where the statute includes no specific consequence, it is merely directory. That does not mean that the legislature intended it to be ignored. It does mean that the legislature left to the court the decision of how to remedy a violation. *Id.* When a court does so, it should undertake a "commonsense balancing" of the harm resulting from the violation. *Id.* at 541, 808 S.E.2d 395.
>
>But "the existence of a right is the first, necessary step . . . toward obtaining a remedy." *Id.* at 536, 808 S.E.2d 395. Code § 19.2–159.1 confers no rights on defendants, so they are entitled to no remedy under the statute if a court declines to substitute counsel and grant a continuance for him or her to prepare. The defendant is harmed only if his or her constitutional rights are violated, and that determination is evaluated according to familiar Sixth Amendment precedents—if the defendant appropriately invokes them at the proper time. Reyes did not.

*Reyes*, 823 S.E.2d 245–49 (alterations, except for footnote numbers, in original). The Supreme Court of Virginia then concluded that there was no error and affirmed. *See id.* at 249. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts by the Supreme Court of Virginia in the dismissal of Claim One. *See* 28 U.S.C. § 2254(d)(1)–(2).

Reyes simply argues that it was error for the trial court to deny the continuance. Reyes fails to identify any error of clearly established federal law in the Supreme Court of Virginia's decision that the circuit court was within its discretion to refuse to continue his sentencing. Accordingly, Claim One will be dismissed.

### IV. CLAIM TWO- EXHAUSTION AND PROCEDURAL DEFAULT

#### A. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State."

10

28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th

Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n. 1).[9] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

---

[9] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

12

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01-654(A)(1) (2021).

In Claim Two, Reyes argues that he received the ineffective assistance of counsel. It is not entirely clear whether Reyes faults counsel with respect to his guilty plea or sentencing or both. Reyes contends that:

> On October 7, 2016, Mr. Nord, [Reyes's] attorney appeared before Judge Tran, court admitted that his motion raise[d] some concerns by the courts. Mr. Nord acknowledged that his investigation was inadequate and prevented him from pursuing a vigorous defense for [his] client. Mr. Nord explained, well his client told him, he was at other places, his attorney claims he could not verify his whereabouts, Reyes maintained his innocence, his attorney could not trace any other witnesses and he had no staff investigator. Explaining his failings as court-appointed counsel. Mr. Nord conceded that his representation may qualify as ineffective assistance of counsel. Mr. Nord was instructed to handle all motions, petitions and continuance[s]. Nord told the judge he did know if he would assist Reyes. Reyes appeal for new representation. However, the Court of Appeals did not conduct a plain language analysis. The Court of Appeals to find that the trial court erred in denying the continuance.

(ECF No. 1 at 13–14; *see also* ECF No. 1–1, at 2–5; ECF No. 16 at 11–12, 18–19.) Respondent argues that this claim is both exhausted and defaulted because Reyes could have raised, but failed to raise, this claim in a state habeas petition, and now it would be barred under the Virginia statute of limitations. (ECF No. 14 at 4–5.) However, Respondent fails to adequately address the implications of *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the United States Supreme Court explained that ineffective assistance of counsel or the lack of counsel "at initial-review collateral proceedings may

13

establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. Respondent contends that *Martinez* "does not provide a means for petitioner to overcome his default" because it "provides that a state prisoner in certain circumstances may . . . overcome a state procedural default of an ineffective [assistance of] trial counsel claim if his claim is substantial. He fails to make this showing for the reasons stated in response to claim 1." (ECF No. 14 at 5.)

The Court fails to discern from this terse argument why Reyes's claim of ineffective assistance of counsel is not "substantial." Respondent did not provide any Sixth Amendment ineffective assistance of counsel argument with respect to Claim One. Rather, Respondent expressly argued that the state courts decisions were "grounded in state law." (ECF No. 14 at 13, 16.) Moreover, it appears that Reyes's claim may encompass more than just counsel's actions with respect to the continuance that the Circuit Court denied on July 15, 2016, as he specifically cites October 7, 2016. (ECF No. 1 at 13.) Thus, the Court declines to find Claim Two exhausted and defaulted and barred from review here. Accordingly, the Motion to Dismiss will be denied without prejudice with respect to Claim Two.

## V. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 12) will be granted with respect to Claim One and denied without prejudice with respect to Claim Two. Claim One will be dismissed. Respondent will be directed, within thirty (30) days of the date of entry hereof, to file a further response that may raise any procedural defenses but must also address the merits of Claim Two.

An appropriate Order shall accompany this Memorandum Opinion.

                         /s/
                     HENRY E. HUDSON
                     SENIOR UNITED STATES DISTRICT JUDGE

Date: April 22, 2021
Richmond, Virginia

15